IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

| | |
|---|---|
| ANDREW MILLER, | ) |
|        Plaintiff, | ) |
| v. | )    Civil Action No. 2:21-00432 |
| MIKE BROWN, *et al.*, | ) |
|        Defendants. | ) |

**PROPOSED FINDINGS AND RECOMMENDATION**

On August 2, 2021, Plaintiff, acting *pro se*, filed his Application to Proceed Without Prepayment of Fees or Costs and Complaint claiming entitlement to relief pursuant to 42 U.S.C. § 1983.[1] (Document Nos. 1 and 2.) In his Complaint, Plaintiff names the following as Defendants: (1) Mike Brown; (2) Roshana Gray; and (3) Jordan McKinley. (Document No. 2.) Plaintiff indicates that Defendants are employed by the West Virginia Division of Corrections and Rehabilitation's Parole Services Offices. (Id.) Plaintiff's unspecific allegations stem from his 2019 and 2020 parole revocation proceedings. (Id.) Plaintiff states that on August 15, 2019, he was charged with being a prohibited person in possession of a firearm. (Id.) Plaintiff explains that on October 21, 2019, Defendant McKinley charged Plaintiff with violating the conditions of his parole based upon his August 15, 2019 charge. (Id.) Plaintiff states that his parole was revoked on November 4, 2019, but he was again released on parole on April 24, 2020. (Id.) Plaintiff asserts that he pled guilty to being a prohibited person in possession of a firearm on July 10, 2020, and he was sentenced to 3 years in prison on September 11, 2020. (Id.) Plaintiff complains that on

---

[1] Because Plaintiff is acting *pro se*, the documents which he has filed in this case are held to a less stringent standard than if they were prepared by a lawyer and therefore, they are construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

September 23, 2020, Defendant Gary again charged Plaintiff with violating the conditions of his parole based upon his conviction of being a prohibited person in possession of a firearm. (Id.) Plaintiff states that his parole was again revoked on November 4, 2020. (Id.) Plaintiff asserts that the foregoing was improper because he "committed no new violation while on his 4-24-20 parole." (Id.) Thus, Plaintiff's claim appears to be grounded in an alleged violation of double jeopardy principles. (Id.) As relief, Plaintiff requests monetary damages, that the Parole Board be abolished, and that Defendants be suspended and fined. (Id.)

## DISCUSSION

The Prison Litigation Reform Act ("PLRA") contains a provision known as the "three-strikes rule." See 28 U.S.C. § 1915(g); Lomax v. Ortiz-Marquez, ___ U.S. ___, 140 S.Ct. 1721, 1723, 207 L.Ed.2d 132 (2020). The three-strikes rule restricts the right to proceed without payment of the filing fee for prisoners who repeatedly file meritless claims. Specifically, Section 1915(g) provides as follows:

> In no event shall a prisoner bring in a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). "[T]he proper procedure is for the district court to dismiss the complaint without prejudice when it denies the prisoner leave to proceed in forma pauperis pursuant to the three strikes provision of § 1915(g). The prisoner cannot simply pay the filing fee after being denied in forma pauperis status. He must pay the filing fee at the time he initiates the suit." Feather-Gorbey v. Vest, 2021 WL 2932738 * 2 (S.D.W.Va. July 12, 2021)(J. Johnston)(citing Dupree v. Palmer, 284 F.3d 1234, 1237 (11th Cir. 2002)("[T]he proper procedure is for the district court to

dismiss the complaint without prejudice when it denies the prisoner leave to proceed in forma pauperis pursuant to the three strikes provision of § 1915(g). The prisoner cannot simply pay the filing fee after being denied in forma pauperis status. He must pay the filing fee at the time he initiates the suit."); also see Finley v. Doe, 2008 WL 2645472 (S.D.W.Va. June 30, 2008)(J. Johnston)(declining to adopt the Magistrate Judge's recommendation to allow Plaintiff ten additional days to pay the filing fee before dismissing his Complaint because the prisoner must pay the filing fee at the time he initiates the suit).

In the instant case, there is no question that Plaintiff has had at least three prior actions dismissed as frivolous, malicious, or for failing to state a viable claim. See Miller v. Ballard, Case No. 2:13-cv-08573 (S.D.W.Va. Apr. 7, 2014)(J. Johnston)(dismissed under 28 U.S.C. § 1915A for failure to state a claim upon which relief can be granted); Miller v. Ballard, Case No. 2:13-cv-15024 (S.D.W.Va. Sept. 23, 2016)(J. Johnston)(dismissed under 28 U.S.C. § 1915A for failure to state a claim upon which relief can be granted); Miller v. Stuckey, Case No. 2:17-cv-04398 (S.D.W.Va. Sept. 28, 2018)(J. Johnston)(dismissed under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A for failure to state a claim upon which relief can be granted); Miller v. Terry, Case No. 2:17-cv-04224(S.D.W.Va. Dec. 2, 2020)(J. Johnston)(dismissed under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A for failure to state a claim upon which relief can be granted); and Miller v. Terry, Case No. 2:17-cv-04217 (S.D.W.Va. Jan. 11, 2021)(J. Johnston)(dismissed under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A for failure to state a claim upon which relief can be granted). Since Plaintiff is subject to the three-strikes rule, Plaintiff may not proceed *in forma pauperis* unless he was in imminent danger of serious physical injury at the time he filed the above action.

"[T]he imminent danger 'must exist at the time the complaint or the appeal is filed, not when the alleged wrongdoing occurred.'" Feather-Gorbey v. Dunbar, 787 Fed.Appx. 824, 825 (4th

Cir. 2019)(citing Martin v. Shelton, 319 F.3d 1048, 1050 (8th Cir. 2003)); also see Meyers v. Commoner of Social Security Admin., 801 Fed.Appx. 90, 96 (4th Cir. 2020)(The imminent danger must be a danger that is "close at hand, not a past infraction" and "must have some nexus or relation to those of the underlying complaint.") The plaintiff "must allege 'ongoing serious physical injury, or a pattern of misconduct evidencing the likelihood of imminent serious physical injury." Id. "Vague, speculative, or conclusory allegations are insufficient to invoke the exception of § 1915(g); rather, the inmate must make 'specific fact allegations of ongoing serious physical injury, or a pattern of misconduct evidencing the likelihood of imminent serious physical injury." Johnson v. Warner, 200 Fed.Appx. 270, 272 (4th Cir. 2006). A plaintiff's allegations must show that the "conduct complained of threatens continuing or future injury," not just that plaintiff "deserves a remedy for past misconduct." Id.

A review of Plaintiff's Complaint pursuant to Section 1915(g) reveals that Plaintiff should not be granted *in forma pauperis* status because Plaintiff has not asserted and cannot reasonably assert that he is under imminent danger of serious physical injury under the circumstances presented in this Complaint. Based upon the foregoing, the undersigned finds that Plaintiff's *in forma pauperis* status should be denied because Plaintiff has filed at least three federal civil actions that have been dismissed as being frivolous or malicious, or for failure to state a claim upon which relief may be granted, and Plaintiff has failed to demonstrate that he is under imminent danger of serious physical injury.

## PROPOSAL AND RECOMMENDATION

The undersigned therefore respectfully **PROPOSES** that the District Court confirm and accept the foregoing findings and **RECOMMENDS** that the District Court **DENY** Plaintiff's Application to Proceed Without Prepayment of Fees and Costs (Document No. 1), **DISMISS**

Plaintiff's Complaint (Document No. 2) without prejudice pursuant to 28 U.S.C. § 1915(g), and remove this matter from the Court's docket.

The Plaintiff is hereby notified that this "Proposed Findings and Recommendation" is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge Irene C. Berger. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rule 6(d) and 72(b), Federal Rules of Civil Procedure, the Plaintiff shall have fourteen (14) days (filing of objections) and three (3) days (if received by mail) from the date of filing of this Findings and Recommendation within which to file with the Clerk of this Court specific written objections identifying the portions of the Findings and Recommendation to which objection is made and the basis of such objection. Extension of this time period may be granted for good cause.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 155 (1985); Wright v. Collins, 766 F.2d 841, 846 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984). Copies of such objections shall be served on opposing parties, District Judge Berger and this Magistrate Judge.

The Clerk is requested to send a copy of this Proposed Findings and Recommendation to Plaintiff, who is acting *pro se*, at the following address: 105 Truman Street, Beckley, WV 25801.[2]

Date: March 11, 2022.

Omar J. Aboulhosn
United States Magistrate Judge

---

[2] Plaintiff's address is listed as the Huttonsville Correctional Center. Plaintiff has since been released on parole. Although he failed to advise the court of any changes in his contact information, the court's staff contacted his parole officer and obtained his current address to mail this document to him.